UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE JAMES SWEENEY #846175,

    Petitioner,

v.                                                            Case No. 1:19-CV-503

GREGORY SKIPPER,                                HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

This is a habeas corpus petition brought by state prisoner Jesse James Sweeney pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), recommending that the Court deny Sweeney's petition, deny a certificate of appealability, and not certify that an appeal would not be taken in good faith. (ECF No. 9.) Sweeney filed objections to the R & R. (ECF No. 12.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Sweeney's habeas petition should be denied.

## Analysis

Sweeney asserts two claims in his habeas petition: (1) a Confrontation Clause claim, and (2) a double jeopardy claim. The claims are intertwined and relate to the alleged relationship between the victim and prosecuting attorney's daughter. There is little evidence in the record on the closeness of the relationship—"Defense counsel's argument appeared to be premised entirely on supposition following from the fact that the prosecutor's daughter and the victim went to school together, knew each other, and the prosecutor's daughter was present in the courtroom during some of the proceedings." (ECF No. 9 at PageID.1370.)

As to the Confrontation Clause claim, Sweeney argues that he should have been able to cross-examine the victim on the relationship. Sweeney's first three objections concern the magistrate judge's conclusion that Sweeney failed to exhaust this claim in the state courts. As explained by the magistrate judge, Sweeney's justification for exploring the relationship on cross-examination "is difficult to pin down" and has "shifted" throughout the case. (*Id.* at PageID.1373.) Sweeney initially argued that the prosecutor overcharged the case because of her daughter's relationship with the victim. His defense attorney made this assertion in his opening statements of the first trial, which resulted in a mistrial. *People v. Sweeney*, No. 330662, 2017 WL 2562562, at *2 (Mich. Ct. App. June 13, 2017). But now, Sweeney claims that he never intended to raise a prosecutorial bias argument; instead, he raised only a witness bias argument. (ECF No. 1 at PageID.15-17.) He further states that, "[i]t is logically reasonable and constitutionally allowbale to want to question [the victim] concerning advice her friend, the prosecutor's daughter, gave her in how to relay her complaint to the police and the prosecutor's office." (ECF No. 8 at PageID.1361.)

Sweeney argues that the state courts erred by misconstruing his "witness bias" argument as a "prosecutor bias" argument. Although Sweeney cites a few isolated sentences in his appeal, this Court agrees with the magistrate judge that the "witness bias" argument was not "fairly presented to the state courts" in the Confrontation Clause claim. *See Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). On appeal, Sweeney's argument was confusing and appeared to be suggesting that law enforcement witnesses had motive to lie. (ECF No. 7-18 at PageID.969.) The record establishes that Sweeney consistently referred to this argument in the prosecutor bias/prosecutorial vindictiveness defense context.

Nonetheless, even if Sweeney exhausted this claim, the magistrate judge correctly found that Sweeney's claim lacks merit. The Confrontation Clause only "guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S. Ct. 292, 294 (1985) (per curiam). Trial courts have wide latitude to impose reasonable limits on the cross-examination based on harassment, prejudice, confusion of the issues, the witness's safety, and marginal relevancy. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431 (1986). "The key issue is whether the jury had enough information to assess the defense's theory of the case despite the limits placed on cross-examination." *United States v. Holden*, 557 F.3d 698, 704 (6th Cir. 2009).

If there is Confrontation Clause violation, the court must determine whether the violation had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 627, 113 S. Ct. 1710, 1716 (1993). The court must evaluate whether the violation was harmless by considering "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence

corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Van Arsdall*, 475 U.S. at 684, 106 S. Ct. at 1438.

Here, the narrow limitation on the relationship subject did not restrict the jury's ability to assess the defense's theory of the case. At the pretrial motion hearing, defense counsel explained the defense theory as follows:

> [S]o I think what the evidence would show is that [Sweeney's ex-girlfriend] has encouraged [the victim] to expand upon the allegations and in fact make more allegations than are in fact true, and that because of the relationship [the victim] has to the prosecutor's office through the prosecute -- the prosecutor's daughter, [the victim] has been able to essentially take that expanded story that's not in fact true and -- and that has resulted in more serious charges, and it's resulted in the prosecutor's office taking more seriously the charges that she's made.

(ECF No. 7-8 at PageID.236.)

At trial, defense counsel was able to extensively cross-exam the victim about the opportunities she had to report the incident and the fact that Sweeney's ex-girlfriend encouraged the victim to report the rape. The relevance of the relationship between the victim and the prosecutor's daughters is not clear. Under the defense theory above, Sweeney's ex-girlfriend motivated the victim to lie. There is no allegation that the prosecutor's daughter motivated the victim to lie; instead, the allegation is that the victim used the relationship to somehow ensure that Sweeney faced more serious charges. Another defense theory is that the victim lied to ensure a rape conviction for the prosecutor. As explained by the magistrate judge, "it borders on nonsensical for Petitioner to suggest that the victim saw the Petitioner's beating of her followed by sex as an opportunity for the prosecutor to pad her rape conviction statistics. Yet, that is the argument he must be making to offer any significance to the excluded line of questioning as it impacts witness bias or motivation to fabricate." (ECF No. 9 at PageID.1379.) More importantly, the record

4

establishes that the trial court permitted defense counsel to ask questions about "the meetings and the preparation and that kind of thing" but not about the "relationship prior to this case happening." (ECF No. 7-12 at PageID.453.) However, defense counsel chose not to go down that line of questioning. In sum, there is no evidence in the record to conclude that the exclusion of any evidence regarding the alleged relationship had a "substantial or injurious effect" on the result. *See Brecht*, 507 U.S. at 638, 113 S. Ct. at 1716.

Sweeney makes a similar objection to the magistrate judge's recommendation to deny the double jeopardy claim. He claims that the state courts, and now the magistrate judge, misconstrued his double jeopardy claim as a prosecutorial bias argument when it is a witness bias argument. For the same reasons stated above, Sweeney did not fairly present the witness bias argument to the state courts. Furthermore, the double jeopardy claim concerns whether defense counsel's comments regarding the prosecutor's bias during opening statements justified a mistrial. It is undisputed that the state court identified the proper legal standard when addressing the double jeopardy claim. Sweeney has failed to show that the Michigan Court of Appeal's decision was contrary to or an unreasonable application of clearly established law.[1]

Sweeney's final objection concerns whether the Court should grant a certificate of appealability. To warrant a grant of the certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). In the instant case, the magistrate judge found that reasonable jurists would not have come to a different conclusion. This Court agrees. Reasonable jurists could not find that this Court's denial

---

[1] Sweeney also takes issue with the magistrate judge's statement that the double jeopardy argument suggests witness bias in the law enforcement witness' testimony. But there is support in the record for the magistrate judge's statement: "The elected prosecutor is chief law enforcement officer of the county and a lower level law enforcement could be easily swayed by the desire to please their boss." (ECF No. 7-18 at PageID.969.)

of Sweeney's claims was debatable or wrong. Thus, the Court will deny Sweeney a certificate of appealability.

**Conclusion**

Having reviewed all of Sweeney's objections and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 9) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Sweeney's habeas corpus petition (ECF No. 1) is **DENIED** for the reasons set forth in the Report and Recommendation.

A separate judgment will enter.

This case is **concluded**.

Dated: June 24, 2021 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE